IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MALLARD IP LLC,<br><br>                      Plaintiff,<br>v.<br><br>NEWLINE INTERACTIVE INC.,<br><br>                      Defendant. | NO. 2:22–CV–127–JRG–RSP<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

### NEWLINE INTERACTIVE INC.'S FIRST AMENDED ANSWER TO MALLARD IP LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Newline Interactive Inc. ("Defendant") responds to Mallard IP LLC's Complaint for Patent Infringement and Jury Demand as follows:

### THE PARTIES

1. Responding to the allegations in Paragraph 1 of the Complaint, Defendant admits that Plaintiff was formed as a Texas Limited Liability Company. Defendant denies that Plaintiff's "principal office" is at 3333 Preston Road, Suite 300 — 1064, Frisco, Texas 75034, as that location is a postal shelf within a Staples office-products retail store. On information and belief, such postal shelf was rented by IP Edge and/or Mavexar, LLC ("Mavexar") to give the appearance that Plaintiff has an office within the boundaries of the Eastern District of Texas, when it does not. The nominal plaintiff, Mallard IP, LLC, has one "managing member," Hau Bui, whom was selected by Linh Dietz of IP Edge and Mavexar to hold that position and to follow all instructions provided by Mavexar and/or IP Edge regarding the asserted patent and this litigation. Mr. Bui resides at 1105 North 14th Street, Waco, Texas 76707, and is the proprietor of the Vietnomz Mobile Cuisine food truck, which operates

at 601 South 11th Street, Waco, Texas 76706. To the extent that Plaintiff had a "principal office," which is denied, such office would be located in Waco, Texas, in the Western District of Texas.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Responding to the allegations in Paragraph 3 of the Complaint, Defendant admits that Plaintiff's allegations purport to arise under the Patent Laws of the United States. Defendant denies the remaining allegations in Paragraph 3; in particular, Defendant denies that the Court has subject-matter jurisdiction over Plaintiff's patent-infringement action.

4. Responding to the allegations in Paragraph 4 of the Complaint, Defendant does not contest personal jurisdiction in this action. Defendant denies the remaining allegations in Paragraph 4.

5. Responding to the allegations in Paragraph 5 of the Complaint, Defendant does not contest venue is proper in this Court. Defendant denies the remaining allegations in Paragraph 5.

## FACTUAL BACKGROUND

**U.S. Patent No. 6,603,330**

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Responding to the allegations in Paragraph 7 of the Complaint, Defendant admits that Exhibit A to Plaintiff's Complaint (ECF No. 1) purports to be a copy of U.S. Patent No. 6,603,330 ("the '330 patent").

8. Responding to the allegations in Paragraph 8 of the Complaint, Defendant admits that the '330 patent issued from a patent application filed on July 18, 2001.

9. Responding to the allegations in Paragraph 9 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations, and thus, denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

## COUNT I

13. Defendant incorporates by references its responses in paragraphs 1 through 12 above.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

## RESPONSE TO JURY DEMAND

Defendant requests a trial by jury for all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

To the extent a response is appropriate to Plaintiff's Prayer for Relief, Defendant denies Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant raises the following affirmative defenses in response to Plaintiff's Complaint. Defendant reserves the right to rely on any other defense that may become available or throughout the course of this case, and reserves the right to amend this Answer to assert any such defense. Assertion of a defense is not a concession that Defendant has the burden of proving the matter asserted.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

20. Plaintiff's claims are barred because Plaintiff lacks standing to sue for patent infringement.

21. Plaintiff's claims are barred by the doctrine of patent misuse in that Plaintiff does not own substantially all rights in the patent-in-suit but has nevertheless instituted this action on behalf of

one or more third-parties, including IP Edge and/or Mavexar, which are in complete and total control of the prosecution of this action.

22. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

23. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

24. Plaintiff's claims are barred, in whole or in part, because Defendant does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patent-in-Suit.

25. Each asserted claim of the Patent-in-Suit is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. To the extent that Plaintiff, its alleged predecessors in interest to the Patent-in-Suit, and any and all licensees of the Patent-in-Suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the Patent-in-Suit, Defendant is not liable to Plaintiff for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the Patent-in-Suit.

27. Plaintiff is estopped from construing any valid claim of the Patent-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any product or service made, used, sold, offered for sale or imported by Defendant because of admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the Patent-in-Suit.

Defendant reserves the right to rely on any other defense that may become available in this case, and reserves the right to amend this Answer to assert any such defense.

## PRAYER FOR RELIEF

Defendant respectfully requests that the Court:

1. enter judgment dismissing Plaintiff's claims against Defendant with prejudice;

2. enter judgment denying each of Plaintiff's requests for relief;

3. enter judgment that Plaintiff lacks standing to sue for patent infringement;

4. enter judgment that Plaintiff has committed patent misuse;

5. enter judgment that Defendant has not infringed and does not now infringe any valid and enforceable asserted claims of the '330 Patent;

6. enter judgment that the asserted claims are invalid;

7. find this to be an exceptional case as a result of Plaintiff's filing and litigation of this action under 35 U.S.C. § 285 and award Defendant its attorneys' fees and costs; and

8. award Defendant any other relief the Court deems appropriate and just under the circumstances.

Dated: December 5, 2022            Respectfully submitted by:

/s/ *Richard L. Wynne, Jr.*
Richard L. Wynne, Jr.
Texas Bar No. 24003214
richard.wynne@hklaw.com

HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (fax)

ATTORNEYS FOR DEFENDANT NEWLINE INTERACTIVE, INC.

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record via ECF on December 5, 2022.

<i>/s/ Richard L. Wynne, Jr.</i><br>
Richard L. Wynne, Jr.